

**FILED**

JUL 15 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1    UNITED STATES BANKRUPTCY COURT

2    EASTERN DISTRICT OF CALIFORNIA

3    SACRAMENTO DIVISION

4    In re:                          )   Case No. 08-36019-B-13
                                     )
5    JUDD URBAN and                  )
     GINA URBAN,                     )
6                                    )   Adversary No. 09-2016-B
              Debtor(s).             )
7    _____)   DCN BH-4
     JUDD URBAN, et al.,             )
8                                    )
              Plaintiff(s),          )
9                                    )   Date:  November 18, 2010
     vs.                             )   Time:  11:30 a.m.
10                                   )   Place: U.S. Courthouse
     MORTGAGE ELECTRONIC SYSTEM,     )          Courtroom 32
11   INC., et al.,                   )          501 I Street
                                     )          Sacramento, CA 95814
12            Defendant(s).          )
                                     )
13   _____)

14                    **MEMORANDUM DECISION**

15        This matter previously came on for final hearing on November

16   18, 2011, at 11:30 a.m.  Appearances are noted on the record.  At

17   the conclusion of the hearing the court took the matter under

18   submission.    The following constitutes the court's findings of

19   fact and conclusions of law, pursuant to Federal Rule of

20   Bankruptcy Procedure 7052.

21                         **DECISION**

22        The motion is granted in part.  Moving defendant Fidelity

23   National Information Services, Inc. ("Fidelity") is dismissed

24   from all causes of action in this adversary proceeding without

25   leave given to the plaintiff debtors (the "Debtors") to amend.

26   If the Debtors wish to amend the complaint to include claims for

27

28                            -1-

relief against Fidelity, the Debtors shall file a motion
requesting permission to amend their complaint to state a claim
against Fidelity.  The Debtors shall file and serve said motion
on or before August 5, 2011, and shall set said motion on the
first available calendar which provides proper notice to parties
in interest.  If filed, the motion to amend shall set forth the
specific factual allegations which the plaintiffs would include
in the second amended complaint as to those parties which the
Debtors seek to include as named defendants.  If filed, the
motion to amend will also toll any existing deadline for the
filing of an amended complaint in effect at the time that the
motion is filed, pending the resolution of the hearing on the
motion to amend.

### FACTUAL BACKGROUND

By this motion Fidelity moves for dismissal of this advesary
proceeding under Fed. R. Civ. P. 12(b)(6), made applicable to
this adversary proceeding by Fed. R. Bankr. P. 7012.

The first amended complaint filed in this adversary
proceeding on June 18, 2010 (Dkt. 83)(the "FAC) alleges five
causes of action for 1.) Declaratory Relief, 2.) Violation of 11
U.S.C. § 362(a), 3.) Violation of 11 U.S.C. § 362(k)(1), 4.)
Violation of the Real Estate Settlement Procedures Act ("RESPA"),
and 5.) Civil Conspiracy.

Fidelity is one of several named defendants.  As to
Fidelity, the FAC alleges that Fidelity is a Delaware

-2-

corporation, and that "Fidelity representatives provide
defendants with default software and/or usage of NewTrak, and is
in privity with the actual holder of this bankruptcy claim."
(FAC, ¶ 21).  The FAC contains  no other specific allegations
regarding Fidelity or any conduct by Fidelity.

In their written opposition to the motion the Debtors have
made additional factual allegations regarding Fidelity.  The
Debtors allege that Fidelity, which is now allegedly known as
Lender Processing Services ("LPS"), develops a software program
called NewTrak.  NewTrak provides an electronic communications
platform that is used by institutional lenders to refer
bankruptcy matters to attorneys that have signed agreements with
LPS and are registered in an LPS database.  NewTrak allegedly
provides information to the attorney to which a bankruptcy matter
is referred that is used, among other things, for the purpose of
drafting and filing proofs of claim and motions to be filed in a
bankruptcy case, such as motions for relief from the automatic
stay.  According to the Debtors, LPS enters into agreements with
lenders to provide the communications and referral services
described above.  The Debtors assert in their written opposition
that both IndyMac Federal Bank, FSB ("IndyMac Federal") and
OneWest Bank FSB ("OneWest Bank"), lenders who have both actively
participated in the Debtors' parent bankruptcy case, have such
agreement with LPS, and that named defendant McCarthy & Holthus,
LLP is a registered law firm in NewTrak's database.  The Debtors
assert that the NewTrak system incorrectly calculated pre-

1  petition escrow advances verus post-petition escrow advances and
2  incorrectly calculated the amount of the Debtors' monthly
3  mortgage payment in this case, which resulted in the various
4  violations alleged in the FAC, including violations of the Real
5  Estate Settlement Procedures Act ("RESPA") and the automatic stay
6  of 11 U.S.C. § 362(a).  The Debtors base their allegations
7  relating to the foregoing on their reading of the decision of the
8  Bankruptcy Court for the Eastern District of Pennsylvania in In
9  re Taylor, 407 B.R. 618 (Bankr., E.D. Pa. 2009).

11                          **ANALYSIS**
12       The Law Applicable to A Motion For Judgment on the Pleadings

14       The following sets forth the legal standard for dismissal of
15  a complaint where the complaint fails to state a claim on which
16  relief may be granted:

18       The purpose of a motion to dismiss under Rule 12(b)(6) of
19       the Federal Rules of Civil Procedure, made applicable here
20       under Fed. R. Bankr. P. 7012, is to test the legal
21       sufficiency of a plaintiff's claims for relief.   In
22       determining whether a plaintiff has advanced potentially
23       viable claims, the complaint is to be construed in a light
24       most favorable to the plaintiff and its allegations taken as
25       true.   Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40
26       L.Ed.2d 90 (1974);   Church of Scientology of Cal. v. Flynn,

28                             -4-

1      744 F.2d 694, 696 (9th Cir.1984). . .

2

3  <u>Quad-Cities Constr., Inc. v. Advanta Bus. Servs. Corp. (In re</u>

4  <u>Quad-Cities Constr., Inc.)</u>, 254 B.R. 459, 465 (Bankr. D. Idaho

5  2000).

6      In addition, under the Supreme Court's most recent

7  formulation of Rule 12(b)(6), a plaintiff cannot "plead the bare

8  elements of his cause of action, affix the label 'general

9  allegation,' and expect his complaint to survive a motion to

10  dismiss." <u>Ashcroft v. Iqbal</u>,129 S .Ct 1937, 1954 (2009).

11  Instead, a complaint must set forth enough factual matter to

12  establish plausible grounds for the relief sought. <u>See Bell Atl.</u>

13  <u>Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-66 (2007). ("[A]

14  plaintiff's obligation to provide 'grounds' of his 'entitle[ment]

15  to relief requires more than labels and conclusions, and a

16  formulaic recitation of the elements of a cause of action will

17  not do."). Factual allegations must be enough to raise a right

18  to relief above the speculative level. <u>Id.</u>, citing to 5 C.

19  Wright & A. Miller, <u>Fed. Practice and Procedure</u> § 1216, at 235-36

20  (3d ed. 2004) ("[T]he pleading must contain something more. . .

21  than . . . a statement of facts that merely creates a suspicion

22  [of] a legally cognizable right of action").

23      In addition, the court notes the following:

24

25      A dismissal under Rule 12(b)(6) may be based on the

26      lack of a cognizable legal theory or on the absence of

27

28                      -5-

sufficient facts alleged under a cognizable legal
theory. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir.
2001); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d
696, 699 (9th Cir. 1988). . . the Court is not required
"to accept as true allegations that are merely
conclusory, unwarranted deductions of fact, or
unreasonable inferences." <u>Sprewell v. Golden State
Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). Courts
will not "assume the truth of legal conclusions merely
because they are cast in the form of factual
allegations." <u>Warren v. Fox Family Worldwide, Inc.</u>, 328
F.3d 1136, 1139 (9th Cir. 2003); <u>accord</u> <u>W. Mining
Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).
Furthermore, courts will not assume that plaintiffs
"can prove facts which [they have] not alleged, or that
the defendants have violated . . . laws in ways that
have not been alleged." <u>Assoc. Gen. Contractors of
Cal., Inc. v. Cal. State Council of Carpenters</u>, 459
U.S. 519, 526; 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983).
. .

<u>Toscano v. Ameriquest Mortg. Co.</u>, 2007 U.S. Dist. LEXIS 81884
(E.D. Cal. 2007).

If a Fed. R. Civ. P. 12(b)(6) motion to dismiss is granted,
"[the] court should grant leave to amend even if no request to
amend the pleading was made, unless it determines that the

-6-

pleading could not possibly be cured by the allegation of other
facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
banc), quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir.
1995). In other words, the court is not required to grant leave
to amend when an amendment would be futile. <u>See</u> <u>Toscano</u>, 2007
U.S. Dist. LEXIS 81884 (<u>citing</u> <u>Gompper v. VISX, Inc.</u>, 298 F.3d
893, 898 (9th Cir. 2002)). Similarly, a court may also grant
leave to amend in response to a Rule 12(c) motion "if the
pleadings can be cured by further factual enhancement."
<u>Technology Licensing Corp.</u>, 2010 WL 4070208 at *3.

<u>All Claims For Relief Dismissed as to Fidelity</u>

In this case, all claims for relief set forth in the FAC are
dismissed as to Fidelity, as the FAC alleges no specific conduct
by Fidelity.  The FAC merely contains an allegation that Fidelity
provided "defendants with default software and/or usage of
NewTrak, and is in privity with the actual holder of this
bankruptcy claim." FAC, ¶ 21.  Merely alleging that Fidelity
provided one or more of the other named defendants with a
software product and that Fidelity is "in privity with the actual
holder of this bankruptcy claim" is insufficient to state a claim
against Fidelity.  The Debtors have not cited any authority under
which the provider of a product that performs a legitimate and
legal function in a non-bankruptcy context can be held liable for
claims that include violation of the automatic stay, violation of
RESPA and conspiracy where the purchaser misuses the product or

-7-

1   uses it in a bankruptcy context.

2       Furthermore, to the extent that the FAC makes any
3   allegations of conduct by Fidelity, it is in the numerous
4   allegations of conduct by "Defendants," "defendants," or
5   "defendant."  This ambiguous identification is insufficient to
6   state a claim upon which relief may be granted against Fidelity.
7   Accordingly, Fidelity is dismissed from all claims for relief in
8   this adversary proceeding.

9       Fidelity is dismissed from this adversary proceeding without
10  leave to amend granted to the Debtors because the court does not
11  find that further enhancement of the Debtors' factual allegations
12  would result in a plausible claim for relief against Fidelity.
13  The court acknowledges that in response to this motion the
14  Debtors filed written opposition which contains numerous factual
15  allegations intended, presumably, to demonstrate what the Debtors
16  would allege in a second amended complaint if they were permitted
17  to amend to state one or more claims for relief against Fidelity.
18  Those allegations are apparently based on the Debtors' reading of
19  In re Taylor, 407 B.R. 618 (Bankr., E.D. Pa. 2009).  However, the
20  Debtors' reliance on Taylor as evidence that the allegations in
21  their opposition are plausible is misplaced, because they misread
22  Taylor.

23      Taylor involved a bankruptcy court's sua sponte
24  investigation of Lender Processing Services, Inc. ("LPS"), an
25  entity that, according to the court in Taylor, was spun-off from
26  Fidelity on July 2, 2008 and utilized the NewTrak software for
27

28                              -8-

the purpose of providing "foreclosure, bankruptcy and other
mortgage loan-related default services to the mortgage industry."
The Taylor court sought information from LPS regarding the manner
in which lenders, LPS and attorneys appearing in bankruptcy cases
used the NewTrak system for the purpose of determining whether
sanctions should be imposed on HSBC Mortgage Corporation
("HSBC"), two law firms which were retained by HSBC through use
of the NewTrak system operated by LPS, and LPS itself.    The
Debtors' reliance on Taylor as providing the basis for factual
allegations against Fidelity is misplaced because the entire
inquiry of the court in Taylor was into the practices of LPS,
which, in addition to using NewTrak, provided outsourced mortgage
processing and default management services to mortgage lenders.
The Taylor court did not make any findings with respect to the
activities of Fidelity.    The Taylor court pointed out that LPS
was "spun-off" from Fidelity on July 2, 2008 through a tax-free
distribution of all of its shares to Fidelity shareholders, four
months before the Debtors filed their parent bankruptcy case on
November 3, 2008.    Taylor, 407 B.R. at 622, n.1.    The court
acknowledges that the Taylor decision confusingly adopted
alternative defined terms "LPS" and "Fidelity" for LPS, and also
referred to LPS as "LPS/Fidelity," but this does not change the
fact that the focus of the Taylor court's inquiry was on the
activities of Lender Processing Services, Inc., not Fidelity
National Information Services, Inc., the entity that the Debtors
have named as a defendant in the FAC.

As the Debtors factual allegations presented in their opposition appear to be based entirely on <u>Taylor</u>, the Debtors have therefore alleged no facts that support a plausible claim for relief against Fidelity.  As stated above, merely alleging that Fidelity provided software to one or more of the other named defendants is insufficient.  As a result, Fidelity is dismissed from this adversary proceeding without leave to amend.  If the Debtors make a motion to amend the complaint to name Fidelity as a defendant, the Debtors' motion must be based on more than a citation to and recitation of facts from <u>Taylor</u>.

The court will issue a separate order consistent with the foregoing decision.

Dated: JUL 1 4 2011

<u>Thomas C. Holman</u>
UNITED STATES BANKRUPTCY JUDGE

-10-

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF SERVICE

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Christopher Giaimo
1050 Connecticut Ave NW #1100
Washington, DC 20036

Joseph Chairez
600 Anton Blvd #900
Costa Mesa, CA 92626

Joshua del Castillo
515 S Figueroa St 9th Fl
Los Angeles, CA 90071

Peter Macaluso
7311 Greenhaven Dr #100
Sacramento, CA 95831

Terry Loftus
1770 4th Ave
San Diego, CA 92101

DATED: 7\15\11

By: _Melissa McIntosh_

**Deputy Clerk**

Melissa McIntosh